IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMOTEC, INC., | ) |
| Plaintiff / Counter-Defendant, | ) |
| v. | ) |
| ALANA HEALTHCARE, LLC, | ) |
| Defendant / Counter-Plaintiff. | ) No. 3:13-cv-1333 |
| | ) Senior Judge Haynes |
| ALANA HEALTHCARE, LLC, | ) |
| Third-Party Plaintiff/Counter-Defendant, | ) |
| v. | ) |
| ROYCE PARRISH, | ) |
| Third-Party Defendant/Counter-Plaintiff. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 49) recommending that Plaintiff's motion for partial summary judgment (Docket Entry No. 24) and Defendant's motion for summary judgment (Docket Entry No. 25) be denied because there are genuine issues of material fact. Defendant filed its objections (Docket Entry No. 50), contending that the only issue in this action is enforcement of an agreement between the parties, and that contract interpretation is a matter of law, not a question of fact. Defendant asserts that the agreement is void and is therefore unenforceable.

At issue in this action is a contract between Plaintiff, a nursing services provider, to provide nurses to Defendant, a pharmaceutical company. Plaintiff filed this action alleging that

although Plaintiff fulfilled the terms of the agreement by providing nurses to Defendant, Defendant failed to pay under the agreement. Defendant admits that Plaintiff provided nurses and that Defendant did not pay Plaintiff under the agreement. Defendant, however, contends that Plaintiff is a home health organization that is required by Tennessee law to have a license and to possess a certificate of need, that because Plaintiff did not possess the license or certificate, the contract is void and unenforceable and that Defendant is not required to pay Plaintiff for its services. See Tenn. Comp. R. & Regs. 1200-08-26-.02. Plaintiff admits that it is not licensed or certified, but disputes that it is required to be licensed and certified under Tennessee law.

The Magistrate Judge concluded that "[t]he question of whether the parties' signed Agreement is a valid, legal contract, turns on whether Plaintiff could legally provide the services for which it contracted." Plaintiff asserts that it is a staffing company, not a home health company, and is not required to be licensed and certified. Defendant asserts that "[i]t is undisputed that Plaintiff is a home health care organization," but does not cite evidence in support that Plaintiff qualifies as a home health care organization requiring licensing and certification.

Upon de novo review of the Report and Recommendation and Plaintiff's objections, the Court concludes that whether Plaintiff is a home health care company required to be licensed and certified under Tenn. Comp. R. & Regs. 1200-08-26-.02 is a genuine issue of material fact. See Renfro v. Ind. Mich. Power Co., No. 1:99-cv-877, 2005 WL 4882704, at *14 (W.D. Mich. Jan. 25, 2005)(deciding after analysis that "the court cannot conclude as a matter of law that [Defendant] properly classified" the employees and denying summary judgment on that issue). Accordingly, the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for partial

summary judgment (Docket Entry No. 24), and Defendant's motion for summary judgment (Docket Entry No. 25) are **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 19th day of October, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge